## Tomlinson *v.* Hazle Brook Coal Company, Appellant.

Submitted October 27, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*P. B. Roads,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY CUNNINGHAM, J., January 31, 1939:

This is a second appeal by an employer in a workmen's compensation case. Clease Tomlinson, the claimant, sustained a back injury in the course of his employment on August 2, 1930. He was paid compensation, under an agreement, at the rate of $15 per

week for total disability up to December 15, 1931. As stated in our former opinion, filed February 1, 1935, and reported in 116 Pa. Superior Ct. 128, 176 A. 853, the employer filed its petition on January 30, 1932, for termination of the agreement as of November, 1931. After several hearings, referred to at length in our previous opinion, the referee dismissed the petition to terminate and made an award for total disability at the rate of $15 per week from December 15, 1931, to continue within the limitations of the statute until claimant's disability should "change in effect." The board affirmed this award, the court below entered judgment thereon, and the employer appealed to this court.

Because we thought, for the reasons stated in our former opinion, that the evidence then before us showed only partial disability, we reversed the judgment and directed that the record be returned to the board for ascertainment of the extent of claimant's partial disability. After a hearing before a referee on March 26, 1936, that official made findings, to the effect that claimant when injured was receiving wages at the rate of $50.54 per week but since December 15, 1931, (the date of the last payment for total disability) had a partial disability, causing a diminution in his earning power of thirty per cent, dismissed the petition and entered an award of compensation, with interest, at the rate of $9.86 per week from December 15, 1931, to May 10, 1936,—the end of the 300 weeks' period. The board affirmed the award and the court below in a clear and comprehensive opinion entered judgment upon it. The present appeal is from that judgment. It is wholly lacking in merit and has only delayed for more than two years the payment to claimant of a just claim for partial disability and thereby increased the interest charges against the employer.

We need not detail the testimony taken upon the return of the record. The claimant denied the truth of the evidence referred to in our first opinion to the effect

that claimant had done certain work and earned some wages during the latter part of 1931. We adopt the following excerpt from the opinion of the court below as correctly summarizing the evidence relative to claimant's physical condition since December 15, 1931:

"The ...... question is purely a question of fact. When the record was first before us, all the evidence, as stated by the Superior Court, indicated that claimant was partially disabled at least. In fact, his medical witness had testified that he was totally disabled. The injuries sustained were a severe comminuted compression fracture of the fourth lumbar vertebra, with displacement of a number of fragments considerably anterior. There was also a suggestion of fracture of the left pubis and the ischium. Because of the consequent weakening of the spine, claimant is compelled to wear a heavy and cumbersome brace. At the last hearing, Doctor John M. Dyson testified on behalf of the defendant that he examined claimant on March 23, 1936, when he found an old healed compression fracture of the fourth lumbar vertebra. The claimant complained of aching pains in the left lumbar region. This physician testified that claimant is able to do light work and that he sees no reason why he is not able to do all types of work. On the other hand, Doctor Robinhold, testifying for claimant, said that the compression fracture, with the space between, has been filled in with callous, causing a splinting of the vertebrae. According to Doctor Robinhold, claimant is not able to do the work of a miner, but he is able to do light work since the spine has healed. In the doctor's opinion, claimant is 60% disabled for work in the mines, and this is a permanent condition. It will thus be seen that there is competent evidence to sustain the finding that claimant is partially disabled."

The court below aptly summed up the case with this remark: "It seems clear, however, that a man with a broken back who is obliged to wear a heavy and cum-

bersome brace to support his spine, is partially disabled."

There is another feature of the case to which reference should be made. In our former opinion we quoted the following question addressed to the general superintendent of the employer at the first hearing and his answer: "Q. What kind of work in the way of a light form could be given this man—any position? A. He could run the motor, we have scraper engines there, he could run one of them. On the inside he could assist the brattice man and on the outside he could load coal under the breaker or be assistant to the inspector. He could do light laboring work. A whole lot of jobs around the colliery that have light work." Our comment upon this evidence was: "The coal company had the burden of proof in this proceeding, and we assume it placed this testimony upon the record in good faith and is prepared to employ claimant to perform one of the classifications of work described by its superintendent."

That testimony was placed upon the record by the employer for the purpose of inducing the compensation authorities to terminate the agreement, or, at least, modify it into one for partial disability. It is now apparent that our confidence in the good faith of the employer was misplaced. Having persuaded us, upon the first appeal, that the claimant was able to do light work of the kind described by its superintendent and that the same was available at its colliery, it made no effort after the return of the record to show it had ever offered claimant employment of any kind.

There is nothing upon the record which even justifies the taking of this appeal, let alone a reversal of the judgment.

Judgment affirmed.